54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John F. HALL, Plaintiff-Appellant,
v.
MARTIN MARIETTA ENERGY SYSTEMS, INC.; Joel W. Ellington,
Employment Manager, Defendants-Appellees.
 No. 94-5824.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: CONTIE, MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff John F. Hall, appeals the summary judgment dismissal of his claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 623. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Plaintiff is a retired Kentucky State Trooper and a former Military Police Officer with a masters degree from Murray State University. He sought injunctive and monetary relief in this suit alleging that the defendants, Martin Marietta Systems, Inc. and Joel W. Ellington, failed to offer him employment in violation of the ADEA. The underlying events surrounding the failure to hire are set forth in the district court's memorandum opinion and order granting the defendants' motion for summary judgment and will not be repeated here. The district court concluded that plaintiff failed to establish a prima facie case of age discrimination.
 
 
 3
 Upon review, we affirm the grant of summary judgment because there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993).
 
 
 4
 The district court properly found that plaintiff had not carried his initial burden of establishing a prima facie case of age discrimination. A plaintiff can establish a prima facie case of age discrimination in a failure to hire case by showing that: (1) he was a member of the protected class, i.e., at least 40 years of age; (2) he was subjected to an adverse employment action; (3) he was qualified for the particular position; and (4) the employer hired persons who are not members of the protected class. See LaPointe v. UAW Local 600, 8 F.3d 376, 379 (6th Cir. 1993); Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 313 (6th Cir. 1989). The plaintiff must prove the prima facie case by a preponderance of this evidence. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 5
 Plaintiff argued that he established the fourth element of his prima facie case because the defendants filled the hiring pool with younger workers. However, the record reveals that since 1989, three out of ten persons placed in the hiring pool by the defendants were over 40 years of age. Since 1991, two out of the four persons defendants placed in the hiring pool were 43 and 44 years of age respectively. As the district court correctly points out, the difference between age 46 and ages 43 or 44 is not probative. The fact that the defendants hired these "younger" over 40 applicants instead of plaintiff does not create a reasonable inference of discrimination. See LaPointe, 8 F.3d at 379. Accordingly, summary judgment was proper as plaintiff cannot establish a prima facie case of age discrimination.
 
 
 6
 The district court properly concluded that plaintiff's statistical proof failed to support an inference of age discrimination. Plaintiff offered the statistics that only one of seventeen persons hired between 1988 and 1993 was over the age of 40. Statistics concerning the general atmosphere of discrimination, although not conclusive, are usually relevant to show that the employer discriminated against an individual plaintiff. See, e.g., Furnco Constr. Corp. v. Waters, 438 U.S. 567, 580 (1978); Lynn v. Regents of the Univ. of Cal., 656 F.2d 1337, 1342-43 (9th Cir. 1981), cert. denied, 459 U.S. 823 (1982).
 
 
 7
 The statistics offered in the present case are not relevant to the particular issue of discrimination. First, because plaintiff has failed to provide statistics as to the number of qualified persons over the age of 40 in the relevant labor pool, the numerical disparity between persons over 40 and persons below 40 by itself is not probative. See, e.g., Hazelwood Sch. Dist. v. United States, 433 U.S. 299, 308 n.13 (1977).
 
 
 8
 Second, as the district court points out, to be truly probative, the statistics should address the number of those admitted to the hiring pool. The only evidence plaintiff offered is that from May 1990 to November 1992, defendants placed a total of ten individuals in the hiring pool. Three were over 40 years old. This evidence is not sufficiently probative to infer discrimination since there is no showing that this figure statistically under-represents the qualified potential applicants over the age of 40 in the relevant labor market. See Simpson v. Midland-Ross Corp., 823 F.2d 937, 943 (6th Cir. 1987). Since plaintiff submitted his employment application in March 1991, the defendants have placed four persons in the hiring pool, two of whom were over the age of 40 and one of whom was African American. As the district court correctly points out, these statistics probably prove the absence of age discrimination. Accordingly, there is no basis to support an inference of discrimination against plaintiff on the basis of age.
 
 
 9
 Plaintiff's remaining arguments on appeal are without merit.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.